```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA
                    AT CHARLESTON
```

**DISCOVER BANK,**

      **Plaintiff,**

**v.**                                  **Civil Action No. 2:24-cv-00127**

**LINDA M. MCGRAW,**

      **Defendants.**

MEMORANDUM OPINION AND ORDER

Pending are defendant's objections, ECF No. 8 ("Obj.") to the Magistrate Judge's Proposed Findings and Recommendation, ECF No. 7 ("PF&R").

I. Factual and Procedural Background

Plaintiff Discover Bank (hereinafter "plaintiff" or "Discover") originally filed this action in the Circuit Court of Jackson County, West Virginia, on February 7, 2024. See ECF No. 2-1 at 2 (Complaint) (hereinafter, "Compl."). Plaintiff alleges that defendant Linda M. McGraw is indebted to plaintiff in the amount of $9,178.21, and plaintiff has expressly waived post-judgment interest and court costs. Id. The complaint does not cite to or assert any claims under federal law. See id.

Defendant was served on February 9, 2024. Notice of Removal ¶ 2, ECF No. 2.

On March 15, 2024, defendant filed a Notice of Removal in which she asserts that the court "has original jurisdiction under 28 U.S.C. § 1331" and that removal is proper under 28 U.S.C. § 1441(a). Notice of Removal, ¶ 4. Nonetheless, defendant notes therein that "[t]here is no mention of any [f]ederal statutes or precedents within the [c]omplaint." Id. at ¶ 2. The "Civil Cover Sheet" which defendant filed contemporaneously with the Notice of Removal describes the cause of action as "[b]reach of contract." ECF No. 2-2 (Civil Cover Sheet).

Defendant asserts both in the Civil Cover Sheet and Notice of Removal that the court has original jurisdiction under 28 U.S.C. § 1331. Notice of Removal at ¶ 4; ECF No. 2-2. The Notice of Removal asserts:

> [This civil action] arises under 15 u.s.c. § 1681g, 15 u.s.c. § 44, 15 U.S.C. § 1679a, 15 U.S.C. § 1692a(2), (5) and (6), 15 U.S.C. § 1692a(3), 15 U.S.C. § 1692a (6), 15 U.S.C. § 1692b(2), 15 U.S.C. § 1692c(c), 15 U.S.C. § 1692c(c)(2), 15 U.S.C. § 1692j, 15 U.S.C. § 6827(4)(B), 18 U.S.C. §1461, 15 USC §1601, 15 USC §1692, 15 U.S.C.S. § 1601-1667c, 12 CFR §226.1, Federal Rule of Civil Procedure 17(a)(I), UCC 3-104(3)(b), UCC 3-106, UCC 3-302, UCC 3-603, and finally, Article I, Section 10, Clause I of the Constitution for the [U]nited States of America (1782).

> Given the mention of having "access to a system of records maintained by the United States Department of Defense," makes this a Federal matter.

Notice of Removal ¶ 4. Defendant concludes with the conclusory statement that "[a]ll of the aforementioned reasons raise [f]ederal questions." Id.

Magistrate Judge Dwane L. Tinsley issued his proposed findings and recommendations on April 16, 2024. The Magistrate Judge finds that the court must sua sponte remand this matter because "it is clear from the record that this [c]ourt lacks subject-matter jurisdiction over" this action under either 28 U.S.C. § 1331 or § 1332. PF&R at 3-4 (citing 28 U.S.C. § 1447(c)). First, the Magistrate Judge finds that this action "does not 'arise under' federal law in accordance with § 1331," inasmuch as this is a breach of contract case arising under state law. Id. at 3-5.

Second, the Magistrate Judges finds that the court also does not possess subject matter jurisdiction under 28 U.S.C. § 1332 because the amount in controversy, $9,178.21, falls far short of the $75,000 minimum to satisfy the statutory requirement. PF&R at 7; see Lottig v. Haley, 3:23-cv-603, 2023 WL 8295978, at *2 (S.D.W. Va. Dec. 1, 2023) (finding the amount in controversy requirement unsatisfied where plaintiff "specifically request[ed] $12,379.76 in damages").

3

On May 1, 2024, defendant filed objections to the PF&R.  See Defendants' Brief in Opposition to Remand, ECF No. 8 (hereinafter, "Obj.").  Though not styled as an objection to the PF&R, defendant's "Brief in Opposition to Remand" is directed to the PF&R and the court interprets it as objections thereto.

## II. Legal Standard

Under Federal Rule of Civil Procedure 72(b), "a party may serve and file specific written objections to the proposed findings and recommendations."  Fed. R. Civ. P. 72(b).  A district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to."  Id.  In particular, "a general objection . . . is insufficient to avoid waiver."  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003) (noting also that "other circuits have held that the failure to raise an objection sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute waives any appellate review" (quotation marks omitted)).  See also Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 508–09 (6th Cir. 1991); Lockert v. Faulkner, 843 F.2d 1015, 1019 (7th Cir. 1988).

Additionally, the court is instructed to liberally construe pro se pleadings.  See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (4th Cir.

1978). Such liberal construction does not mean, however, that the court can ignore a failure to allege facts setting forth a cognizable claim for relief. See Weller v. Dep't of Social Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, "[t]he 'special judicial solicitude' with which a district court should view pro se complaints does not transform the court into an advocate." Id.

### III. Defendant's Objections

Defendant structured her objections by providing four "Questions Presented," which the court understands to establish four general objections to the PF&R and will address each in turn. Those four objections, stated verbatim, are as follows:

> 1. Given the jurisdiction of the District Court is for "all civil actions arising under the Constitution, laws, or treaties of the United States", does not mentioning of any laws, codes, treaties or regulations of the United States within the complaint preemptively disqualify any filing for a removal under 28 USC 1331?
>
> 2. Given the answer to Question 1, therefore, why does it disqualify any later removal under 28 USC 1331 when a removal is submitted which mentions "access to a system of records maintained by the United States"?
>
> 3. According to the Analysis, the court states the amount required of Removal is set by Congress in 28 USC 1332. The court also states this case doesn't meet that

>requirement. What is the legal definition of a US dollar which is what the presumption of value is based on?
>
>4. The court mentions "Plaintiffs common-law complaint" in the Analysis which assumes and presumes there is a common law contract. However, given the parameters of such contract, does one actually exist? And if one does not exist, how does this fact affect this case? Can there be a Breach of Contract when a contract does not exist or is of a legal means?

Obj. at 2-3.

### a.   First Objection

Defendant's first objection is, in essence, an objection to the PF&R's conclusion the court does not have federal question jurisdiction, see 28 U.S.C. § 1331, over this matter. The objection seems to center on an argument that, because West Virginia is a state within the United States, a case arising under state law necessarily also had a "federal ingredient" and thus arises under federal law. See Obj. 3-4 (citing to Osborn v. Bank of U.S., 22 U.S. 738, 6 L. Ed. 204 (1824), though the phrase "federal ingredient" never appears therein).

Federal courts are fundamentally "courts of limited jurisdiction" and may only exercise subject matter jurisdiction pursuant to authority under Article III of the Constitution and

by federal statute. See Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374 (1978). In order for jurisdiction to arise under 28 U.S.C. § 1331, a disputed issue of federal law must be a "necessary element of one of the [plaintiff's] well-pleaded claims." Anne Arundel Cnty., Maryland v. BP P.L.C., 94 F.4th 343, 351 (4th Cir. 2024) (citing Burrell v. Bayer Corp., 918 F.3d 372, 381 (4th Cir. 2019)). After removal from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Here, state law is the basis of plaintiff's cause of action. As defendant acknowledges in her filings by recognizing that "[t]here is no mention of any [f]ederal statutes or precedents within the [c]omplaint," the breach of contract claim in this case is a matter of state law, not federal law. Notice of Removal at 2; see Interstate Petroleum Corp. v. Morgan, 249 F.3d 215, 221-222 (4th Cir. 2001) (finding breach of contract claim is one only of state law even where anticipated defense necessarily implicates federal law).

Further, defendant's conclusory recitation of federal statutes does not establish "arising under" jurisdiction because "a claim of federal question jurisdiction is to be resolved on the basis of the allegations of the complaint itself." Burgess

7

v. Charlottesville Sav. And Loan Assoc., 477 F.2d 40, 43 (4th Cir. 1973); see also Mayor & City Council of Baltimore v. BP P.L.C., 31 F.4th 178, 198 (4th Cir. 2022), cert. denied, 143 S. Ct. 1795, 215 L. Ed. 2d 678 (2023) ("The general rule, of course, is that a plaintiff is the 'master of the claim,' and he may 'avoid federal jurisdiction by exclusive reliance on state law' in drafting his complaint.") (quoting Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005)).

Accordingly, defendant's first objection is OVERRULED.

b. Second Objection

Defendant's second objection again appears to be an objection to the PF&R's conclusion that federal question jurisdiction under 28 U.S.C. § 1331 does not exist in this action. See Obj. 5-6. Seemingly, defendant appears to object to that conclusion inasmuch as the words "'access to a system of records maintained by the United States' was a statement in an Affidavit entered as an exhibit." Obj. at 5.

The exhibit to which defendant refers appears to be an affidavit by Lori Snyder, a "Litigation Support Coordinator" for plaintiff, who stated, in relevant part, that plaintiff "has access to a system of records maintained by the United States

8

Department of Defense which allows [plaintiff] to ascertain whether a particular person in engaged in active duty in any branch of the [United States] military." Affidavit of Lori Snyder, ECF No. 2-1 at 20 (originally filed as an exhibit to plaintiff's motion for summary judgment in state court).

Jurisdiction under 28 U.S.C. § 1331 arises only where the well-pleaded allegations in the complaint establish a cause of action that "aris[es] under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331; see Anne Arundel Cty., Maryland, 94 F.4th at 351.  Accordingly, a reference to a federally maintained system of records in an affidavit supporting a motion for summary judgment is insufficient to establish federal question jurisdiction. Defendant's second objection is OVERRULED.

c.  Third Objection

In defendant's third objection, she acknowledges that the PF&R "states this case doesn't meet" the amount in controversy requirement of 28 U.S.C. § 1332.  Obj. at 6.  Her objection then asks, "What is the legal definition of a US dollar which is what presumption of value is based on?"  Obj. at 2, 6-7.  When expanding on this objection, defendant further

asks, "And if it not based on the US Dollar, what is the value based on?"  Obj. at 7.

Inasmuch as this objection lacks specificity because it does not "focus the district court's attention on the factual and legal issues that are truly in dispute," the court need not directly address it.  Lee, 337 F.3d at 416 n.3 (citing Fed. R. Civ. P. 72(b) (requiring that objections, if filed, be "specific")).  The debt allegedly owed by defendant is in United States dollars.  Defendant's third objection is OVERRULED.

### d. Fourth Objection

Defendant's fourth objection is not particularly an objection at all.  Rather, it asks the court to reach the merits of this matter: it challenges the underlying breach of contract claim by arguing that there may not be a contract at all.  See Obj. 9-15.  Its heading states:

> The court mentions "Plaintiff's common-law complaint" in the Analysis which assumes and presumes there is a common law contract. However, given the parameters of such contract, does one actually exist? And if one does not exist, how does this fact affect this case? Can there be a Breach of Contract when a contract does not exist or is of a legal means?

Obj. at 9.

10

Because the court has determined it does not have subject matter jurisdiction over this matter, the court cannot reach its merits and determine whether a contract between plaintiff and defendant exists. See Fed. R. Civ. P. 12(h)(3). Inasmuch as this objection objects to the PF&R's decision to not reach the merits of this matter, defendant's fourth objection is OVERRULED.

IV. Portions of the PF&R to which Defendant did not Object

When a party does not object to a portion of a Magistrate Judge's report, the court must nonetheless review the report to ensure, based upon the record, that it contains no clear error. See Camby v. Davis, 718 F.2d 198, 200 (4th Cir. 1983). Having reviewed the PF&R in its entirety, the court finds no clear error.

V. Conclusion

Regardless of whether the court understands the objections made by the defendant – obscure as they are – it is obvious that this court has neither federal question nor diversity jurisdiction over this case.

For the foregoing reasons, the court OVERRULES each of defendant's objections to the PF&R and ADOPTS Magistrate Judge Tinsley's PF&R in full.

Pursuant to 28 U.S.C. § 1447(c), the court ORDERS that this matter be REMANDED to the Circuit Court of Jackson County, West Virginia.

The Clerk is directed to transmit copies of this order to all counsel of record and any unrepresented parties.

ENTER: June 3, 2024

John T. Copenhaver, Jr.
Senior United States District Judge